IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN WOHLFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-520-SLP |
| | ) |
| AMERICAN AUTO SHIELD, LLC, | ) |
| NRRM, LLC d/b/a CARSHIELD, LLC, and | ) |
| AMERCIAN BANKERS INSURANCE | ) |
| COMPANY OF FLORIDA, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendants' Motion to Compel Arbitration and Request for Stay of Proceedings with Brief in Support [Doc. No. 11]. The matter is fully briefed and at issue. *See* Pl.'s Resp. [Doc. No. 12]; Defs.' Reply [Doc. No. 13]. For the reasons that follow, Defendants' Motion is GRANTED and this action is STAYED pending the conclusion of arbitration.

**I.     Introduction**

In April 2021, Plaintiff purchased a month-to-month Vehicle Service Contract (VSC) from Defendant NRRM, LLC, d/b/a CarShield, LLC (CarShield). Defendant, American Auto Shield, LLC (AAS), is the administrator and obligor of the VSC. And Defendant, American Bankers Insurance Company of Florida (ABIC), insures the obligations of CarShield and AAS under the VSC.

In June 2021, Plaintiff reported a claim to AAS under the VSC for repair costs to his vehicle. Plaintiff alleges Defendants have failed to pay the repair costs. Plaintiff

brings the following claims for relief: (1) breach of contract; (2) bad faith; (3) violation of the Oklahoma Consumer Protection Act; and (4) fraud /misrepresentation /deceit. *See* Pet. [Doc. No. 1-2].[1]

Defendants move to compel arbitration. Defendant AAS contends the VSC is a binding contract that includes a mandatory arbitration provision. AAS further argues that the arbitration clause applies to all of Plaintiff's claims. Defendants CarShield and ABIC acknowledge they are not parties to the VSC, but consent to participate in arbitration.

Plaintiff contends he did not physically sign the VSC and, therefore, is not bound by any arbitration provision. Plaintiff alternatively contends the arbitration provision is permissive not mandatory. Plaintiff does not challenge the scope of the arbitration clause. That is, Plaintiff does not contest that if the arbitration clause is a valid, binding arbitration clause, the allegations of the Petition[2] fall within the scope of the issues subject to arbitration under the terms of the VSC.[3]

---

[1] The latter claim alleges that Defendants, through advertising, failed to properly disclose their respective roles in relation to the VSC and further failed to disclose that Defendants did not consider the VSC to provide for the sale of an insurance product. *See* Pet., ¶¶ 73-78.

[2] Plaintiff commenced this action with the filing of a petition in state court. Defendants then removed the action to federal court. *See* Notice of Removal [Doc. No. 1].

[3] Plaintiff argues that Defendants CarShield and ABIC lack standing to compel arbitration. The Court rejects Plaintiff's standing challenge, which Plaintiff raises in most conclusory fashion and in sole reliance on the fact that Defendants CarShield and ABIC are not signatories to the VSC. As Defendants have demonstrated, Plaintiff's claims against the respective Defendants are "inextricably intertwined" and fall within the scope of the arbitration provisions. *See* Defs.' Mot. at 11-14. Under these circumstances, arbitration may be compelled as to a plaintiff's claims against a non-signatory under principles of equitable estoppel. *See, e.g., Cinocca v. Orcist, Inc.*, 60 P.3d 1072, 1074-75 (Okla. Civ. App. 2002); *see also Reeves v. Enter. Prods. Partners, LP*, 17 F.4th 1008, 1013 (10th Cir. 2021). Plaintiff has not addressed the intertwined nature of the claims and the scope of the arbitration provisions. Therefore, the Court deems Plaintiff to have

## II.     Governing Law

Defendants acknowledge that the VSC does not specify whether the Oklahoma Uniform Arbitration Act, Okla. Stat. tit. 12, § 1851, et seq. (OUAA) or the Federal Arbitration Act, 9 U.S.C. §1, et seq. (FAA) governs. Defs.' Mot. at 7. Plaintiff references both the FAA and OUAA in his response. As relevant here, the standards under the respective Acts are substantially the same. Therefore, the Court reaches the same result under either Act.

The FAA provides that "an agreement in writing to submit to arbitration an existing controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. The OUAA contains a like provision. *See* Okla. Stat. tit. 12, § 1857 ("An Agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract."). The OUAA and the FAA codify a strong presumption in favor of arbitration. *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012); *Green Tree Servicing, LLC v. Hill*, 307 P.3d 347, 349 (Okla. Civ. App. 2013).

Whether the parties agreed to arbitration is a question of law to be decided applying state contract law. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (when deciding whether the parties agreed to arbitration, "courts generally . . .

---

confessed these matters. Furthermore, the scope of the arbitration provisions is broad, providing for arbitration of "any legal dispute" related to the VSC. *See* VSC at 17, ¶ M. DISPUTE RESOLUTION.

should apply ordinary state-law principles that govern the formation of contracts."); *see also Okla. Oncology & Hematology P.C. v. U.S. Oncology, Inc.*, 160 P.3d 936, 946 (Okla. 2007). The Court applies Oklahoma contract law as both parties rely on the same in support of their respective positions.

### III.   Standard of Decision

When deciding a motion to compel arbitration, courts apply a summary-judgment-like standard:

> [T]he party moving to compel arbitration bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement and the opposing party's failure, neglect, or refusal to arbitrate; if it does so, the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the existence of an agreement or the failure to comply therewith. When a quick look at the case reveals that no material disputes of fact exist, a district court may decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration.

*BOSC, Inc. v. Bd. of Cnty. Comm'rs*, 853 F.3d 1165, 1177 (10th Cir. 2017) (internal citations and quotation marks omitted). The parties have submitted facts in support of their respective positions. As set forth, the Court finds the undisputed, relevant and substantiated facts establish that arbitration must be compelled.

### IV.   Discussion

The VSC includes the following provision:

> **M.   DISPUTE RESOLUTION**
>
> Any legal dispute between YOU and ADMINISTRATOR relating to this CONTRACT may be resolved by arbitration. To begin arbitration, either YOU or WE must make a written demand for arbitration within sixty (60) days of ADMINISTRATOR'S final decision. The arbitration will take place before a single arbitrator. It will be administered in keeping with the

> Conditionally Binding Arbitration Rules ("Rules) of the Better Business Bureau ("BBB") in effect when the Claim is filed. You may get a copy of BBB's Rules by contacting the BBB at 3801 E. Florida Avenue, Suite 350, Denver CO 80210, by phoning 303-758-2100, or by visiting www.bbb.org. You agree that any arbitration proceeding or litigation will only consider YOUR Claims. Claims by, or on behalf of, other individuals will not be arbitrated or litigated in any proceeding that is considering YOUR Claims. In the event of litigation involving this CONTRACT, venue shall be in the courts of Jefferson County, Colorado. Please refer to the "Individual State Variance Requirement" at the end of YOUR CONTRACT for any added requirements in YOUR state.

*See* VSC [Doc. No. 11-1] at 17.

The applicable "Individual State Variance Requirement" for the State of Oklahoma (the OK Variance) provides: "While arbitration is *mandatory*, the outcome of any arbitration shall be non-binding, and either party shall, following arbitration, have the right to reject the arbitration award and bring suit in a district court." *See id.* at 20 (emphasis added).

Plaintiff argues that he did not physically sign an arbitration agreement with any Defendant and, therefore, is not bound by the arbitration provision in the VSC. Plaintiff does not dispute, however, that he purchased a month-to-month VSC from CarShield, made monthly payments as required under the VSC and did not cancel the VSC within the initial thirty days as provided under its terms. *See* Defs.' Mot., Facts, ¶¶ 1-2, 8; Pl.'s Resp., Facts, ¶¶ 1-2, 8, 13.

Plaintiff acknowledges that the VSC includes the arbitration provisions set forth above. *See* Pl.'s Resp. at 10. Plaintiff argues that paragraph M of the VSC does not provide for mandatory arbitration pointing to language that arbitration "is an option" and

that the matter "may" be resolved by arbitration. *See id.*[4] Plaintiff does not dispute, however, that the OK Variance is included in the VSC. *See id.* at 10-11. And Plaintiff wholly fails to address the mandatory language of the OK Variance.[5]

Notably, Plaintiff never declares that he was not provided a copy of the VSC.[6] And in the Petition, Plaintiff does not allege he did not receive the VSC but instead

---

[4] Plaintiff makes this argument without any supporting legal authority. Because Plaintiff has not adequately developed any argument related to the alleged permissive nature of arbitration under the VSC, the Court rejects Plaintiff's mere reliance on use of the word "may" as grounds to avoid arbitration being compelled here. *See Mbau v. Baker Hughes, Inc.*, No. 18-CV-101-JED-FHM, 2018 WL 3484041 at *2 (N.D. Okla. July 19, 2018) ("Several courts have rejected the argument . . . that [an] arbitration provision is not mandatory because it provides that either party 'may' elect to arbitrate." (collecting cases)).

[5] In responding to Defendants' factual assertions and, specifically, Defendants' facts contained in paragraph 3, *see* Defs.' Mot. at 3-4, Plaintiff asserts that arbitration is "expensive and superfluous as either party may refuse to accept the arbitration provision and proceed with litigation[.]" *See* Pl.'s Resp. at 5, ¶ 3. Again, however, Plaintiff offers no legal argument or authority addressed to this issue and, therefore, has waived any "futility" challenge. Even if Plaintiff had properly argued this issue, arbitration need not be binding in order to fall within the scope of the FAA. *See, e.g., Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1209 (9th Cir. 1998) ("In light of the strong presumption in favor of arbitrability ..., we hold that arbitration need not be binding in order to fall within the scope of the Federal Arbitration Act."). This is true even though "non-binding arbitration may turn out to be a futile exercise." *United States v. Bankers Ins. Co.*, 245 F.3d 315, 322 (4th Cir. 2001).

[6] Indeed, Plaintiff acknowledges that "the writings" were "supplied to plaintiff later." Pl.'s Resp. at 16. Notably, Defendant's Reply establishes that the VSC was emailed to Plaintiff on April 7, 2022. *See* Aff. of Michael Carter [Doc. No. 13-1], ¶4. Plaintiff has had the opportunity to demonstrate to the Court he was not timely provided the VSC and has failed to do so. *See, e.g., Ivy Bridge v. Nature's Sunshine Prods., Inc.*, No. 2:21-CV-495-DAK-DAO, 2022 WL 604857 at *4 (D. Utah Mar. 1, 2022) (rejecting plaintiffs' argument that there was no valid and enforceable arbitration agreement where defendant submitted declaration that documents were emailed to plaintiffs and plaintiffs did not submit a declaration stating the documents were not received). Rather than address these facts, Plaintiff has carefully crafted his argument to focus on his reliance on alleged "oral representations made by CarShield" as to the terms of the VSC. Significantly, however, Plaintiff wholly fails to identify what those oral representations were. *See* Pl.'s Aff., ¶ 4. Thus, there is insufficient evidence before the Court that Plaintiff was subjected to fraud, misrepresentation or deceit with respect to any terms of the contract. As set forth, the record shows Plaintiff received the VSC, made payments pursuant to its terms, did not contest the authority of the "Phone Authorized Agent" to sign the VSC and chose not to cancel

alleges that he was "not required to personally sign [the VSC], did not sign [it] and did not knowingly or with complete information agree to arbitration." Pet., ¶ 28. Additionally, Plaintiff cites the following provision of the VSC:

> **BY SIGNING THIS BELOW, <u>OR BY MAKING YOUR FIRST PAYMENT AFTER YOU HAVE RECEIVED A MAILED OR ELECTRONIC COPY OF THIS AGREEMENT</u>, YOU ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS AGREEMENT, YOU ACKNOWLEDGE THAT YOU HAVE READ THIS AGREEMENT, <u>INCLUDING THE ARBITRATION PROVISION BELOW</u>, AND YOU AGREE TO BE BOUND BY THE TERMS OF THIS AGREEMENT.**

*See* Pls.' Resp. at 11 (citing VSC at 23 (emphasis added)). And Plaintiff concedes he made payments under the VSC and expressly argues that "[t]he only basis for defendants' arbitration claim is plaintiff's monthly payment of $99.00 per month." Pl.'s Resp. at 11. Thus, Plaintiff concedes that his conduct amounted to an acknowledgment to be bound by the terms of the VSC, including the arbitration provisions.

Notwithstanding all of these facts, Plaintiff argues he is not bound by the arbitration provisions because he did not physically sign the VSC. Plaintiff points to the electronic signature of Lindsey Taylor, designated as "Phone Authorized Agent" on behalf of "Buyer." *See* VSC at 23. And Plaintiff attaches his own affidavit in which he state that he did not physically sign the VSC and was never informed about the arbitration terms of the VSC. *See* Pl.'s Aff. [Doc. No. 12-1], ¶ 4. According to Plaintiff, "Defendants cannot provide the Court with any document signed or executed by Plaintiff,

---

the VSC. Under these circumstances, Plaintiff's alleged failure to read the terms of the VSC was at his own peril. *See, e.g., Elsken v. Network Multi-Family Sec. Corp.*, 49 F.3d 1470, 1474 (10th Cir. 1995) (applying Oklahoma law and finding that where there was no evidence showing the contracting party "was not given the opportunity to examine and read the contract" that party could not avoid its legal effect by arguing she did not read it or that its contents were not known to her).

which created an agreement to arbitrate." Pl.'s Resp. at 15. Plaintiff further argues that nothing in writing indicates that the "Phone Authorized Agent" had authority to execute the document on [P]laintiff's behalf[.]" *Id*. at 16.

The Court rejects Plaintiff's argument. First, although Plaintiff did not physically sign the VSC, "Oklahoma law does not require such formalistic execution of a contract." *Born v. Progrexion Teleservices, Inc.*, No. 2:20-cv-00107, 2020 WL 4674236 (D. Utah Aug. 11, 2020). In *Born*, the court aptly summarized the governing law on this issue as follows:

> Although the Oklahoma Uniform Arbitration Act (OUAA) requires that arbitration agreements be contained in a record, and the Federal Arbitration Act (FAA) requires that arbitration agreements be written, neither Act requires arbitration agreements to be signed. As a result, acceptance of an arbitration agreement may be shown by acts, conduct, or acquiescence to the terms of the contract. Relevant here, Oklahoma law provides that performance of the conditions of a proposal, or the acceptance of the consideration offered with a proposal, is an acceptance of the proposal. Further, voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known to the person accepting.

*Id*. at *11 (cleaned up, citing *Dunbar Eng'g Corp. v. Rhinosystems, Inc.*, 232 P.3d 931, 935 n. 9 (Okla. Civ. App. 2010); Okla. Stat. tit. 15, §§70, 75).

Fundamentally, Plaintiff does not dispute the *existence* of an arbitration agreement. And the record demonstrates Plaintiff accepted the terms of the VSC, including its arbitration provisions. Plaintiff acquiesced to its terms by making payments under the VSC, not cancelling the VSC and by submitting a repair claim under the VSC. *See, e.g., Okla. Gas & Elec. Co. v. Toshiba Int'l Corp.*, No. CIV-14-0759-HE, 2016 WL 3659941 at *5 (W.D. Okla. July 1, 2016) (applying Oklahoma law and finding that where

party had reasonable opportunity to reject contract terms but chose instead to perform under the contract, such conduct was sufficient to constitute acceptance of its terms); *see also* Okla. Stat. tit. 15, § 75 (where an offeree accepts the benefits of a transaction, it also consents to the obligations which are known or should have been known). Additionally, Plaintiff seeks to enforce the VSC in this lawsuit, by bringing claims for breach of contract and breach of the duty of good faith and fair dealing and thus, he acknowledges and relies upon the very agreement that contains the arbitration clause he seeks to disclaim. For all these reasons, the Court finds the fact that Plaintiff did not physically sign the VSC does not preclude enforcement of the arbitration provisions.

Plaintiff further argues that there is no clear evidence of intent to arbitrate. But this argument is once again premised on the fact that Plaintiff did not physically sign the VSC and that "there is nothing in writing indicating that the 'Phone Authorized Agent' had authority to execute the document on plaintiff's behalf." *See* Pl.'s Resp. at 13, 15. For the reasons discussed above, these arguments are rejected.

Additionally, Plaintiff argues the arbitration provisions are not mentioned in the "MONTH to MONTH PROVISIONS" of the VSC. *Id*. at 15 (citing Doc. No. 11-1 at 4). It appears Plaintiff contends that because Defendants point to his monthly payments as evidence of his agreement to arbitrate, the MONTH-to-MONTH provision should have included a reference to arbitration. The Court disagrees. The VSC includes separate provisions about arbitration that are clearly identified. Under Oklahoma law, a contract

is to be viewed as a whole so as to give effect to every part of the contract and enable each clause to help interpret the others. Okla. Stat. tit. 15, § 157.[7]

Finally, Plaintiff argues that he "accepted the oral representations made by CarShield and which appear *in its advertisements* for coverage of unexpected repair bills and agreed to pay the monthly charge for such services." Pl.'s Resp. at 16 (emphasis added). But Plaintiff argues there is no evidence that Plaintiff "agreed to anything else that is contained in the writings that were supplied to plaintiff later." *Id.* To the extent Plaintiff alleges he relied on oral representations, *see* Pl.'s Aff., ¶ 4, he fails to identify any such oral representations or how he was misled by those oral representations. Moreover, according to Plaintiff, the alleged oral representation were made in the context of advertisements, not in the course of discussing any terms of the VSC itself. *See* Pl.'s Aff., ¶ 2. Thus, although Plaintiff asserts that arbitration was not explained to him, *see* Pl.'s Aff., ¶ 4, he fails to demonstrate any duty to speak arose about the arbitration provisions (or any other provisions) of the VSC.

To the extent Plaintiff seeks to preclude consideration of the VSC as an inadmissible document, his request is denied. *See* Pl.'s Resp. at 16 (stating that there is "no admissible evidence to support plaintiff's agreement and mutual understanding of a purported oral arbitration agreement."). Plaintiff quotes extensively from the VSC in his

---

[7] Elsewhere, Plaintiff cursorily argues the arbitration clause should be severed because there was never a "meeting of the minds" or any "mutual assent" as to the arbitration clause. Pl.'s Resp. at 18. Plaintiff does not offer any additional facts to support this argument, but appears to once again rely on the fact that he did not physically sign the VSC. And although Plaintiff argues that "[h]e simply paid the monthly charge," *see* Pl.'s Resp. at 18, in making this argument, he acknowledges that he accepted the terms of the VSC by his own conduct.

Petition and brings claims dependent on the validity of the VSC. Additionally, as discussed above, Plaintiff does not dispute that he received the VSC from Defendants. *See* discussion supra at p. 6 and n. 2. Moreover, Plaintiff does not dispute the authenticity of the VSC in any substantiated way. Rather, he conclusorily asserts that "a document simply attached to a pleading without establishing a proper foundation, makes the document inadmissible." Pl.'s Resp. at 16.[8]

## V.     Conclusion

In sum, the Court finds the arbitration provisions of the VSC are enforceable and Plaintiff's claims against Defendants are subject to arbitration. Plaintiff's overriding argument, that he did not physically sign the VSC, is not grounds upon which to preclude enforcement of the arbitration provisions. The record shows Plaintiff knew, or should have known, of all terms of the VSC, including the arbitration provisions, and he is contractually bound by those terms. Finally, Plaintiff has not disputed that the claims

---

[8] Plaintiff cites *Bell v. City of Topeka, Kan.*, 496 F. Supp.2d 1182, 1185 (D. Kan. 2007) in support of this argument. In *Bell*, the court addressed a "collection of documents" attached to the plaintiff's summary judgment response used during the deposition of a witness and the court found the documents were not properly authenticated. *See id*. Here, conversely, the VSC is central to Plaintiff's claims. The Court, therefore, may properly consider the VSC. *See, e.g., Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013); *see also LPF II, LLC v. Cornerstone Sys., Inc.*, No. 17-2417-DDC-JPO, 2018 WL 994708 (D. Kan. Feb. 21, 2018) (considering arbitration provision in applicable agreement in determining motion to compel arbitration where agreement was referenced in the plaintiff's complaint); *Umbenhower v. Copart, Inc.*, No. 03-2476-JWL, 2004 WL 2660649 at *6 n. 4 (D. Kan. Nov. 19, 2004) ("[T]his court has found no appellate cases extending the Rule 56 requirement that the parties submit evidence in a form that would be admissible at trial into the context of a motion to compel by requiring the arbitration agreement itself to be authenticated by affidavit in the absence of a genuine dispute about the authenticity of the agreement."); *Shultz v. Citibank, N.A.*, No. 22-CV-04056-WJE, 2022 WL 1721054 at *2 (W.D. Mo. May 28, 2022) (accord).

against the non-signatory Defendants are inextricably intertwined and, therefore, subject to arbitration.

IT IS THEREFORE ORDERED as follows:

1. Defendants' Motion to Compel Arbitration and Request for Stay of Proceedings with Brief in Support [Doc. No. 11] is GRANTED.

2. This matter is STAYED pending completion of the arbitration proceedings.

3. The Clerk of Court is directed to administratively terminate this matter until further order of the Court. The termination is without prejudice to the rights of the parties to reopen the case after completion of the arbitration proceeding for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation.

4. The parties shall notify the Court upon completion of the arbitration proceeding by filing a written notice. If within 30 days after completion of the arbitration proceeding the parties have not moved to reopen the case for the purpose of obtaining a final determination of the litigation, this action will be deemed to be dismissed with prejudice.

IT IS SO ORDERED this 30th day of January, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE